IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tonya Williams,<br><br>                Plaintiff,<br><br>v.<br><br>Cellco Partnership d/b/a Verizon Wireless; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Tonya Williams, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. The Plaintiff, Tonya Williams ("Plaintiff"), is an adult individual residing in Muskegon, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), is a New York business entity with an address of 1095 Avenue of the Americas, New York City, New York 10018, and is a "person" as defined by 47 U.S.C. § 153(39).

1

5. Does 1-10 (the "Agents") are individual agents employed by Verizon and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Verizon at all times acted by and through one or more of the Agents.

**FACTS**

7. Beginning in January, 2013, Verizon contacted Plaintiff in an attempt to reach an individual other than Plaintiff.

8. At all times referenced herein, Verizon placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered calls from Verizon, she would hear a prerecorded message stating that Verizon was looking for "Francisco Civeto", an individual unknown to Plaintiff. The message ended by instructing the recipient of the call to stay on the line if they were this individual and if they were not, to hang up the phone.

10. Upon information and belief, Plaintiff never provided her cellular phone number to Verizon, and never gave Verizon express consent to place calls to her cellular phone.

11. Shortly after she started receiving ATDS calls from Verizon, Plaintiff became frustrated with the frequency of the calls she was receiving, and waited on the line after receiving a call from Verizon to be connected to a live representative. During their conversation, Plaintiff stated that she was not the person they were looking for, had no idea how to reach them, and requested Verizon cease calling her cellular phone.

12. Furthermore, when the calls did not cease after her original request, Plaintiff requested during a subsequent conversation with a live representative that Verizon cease calling her cellular phone looking for this unknown individual.

13. Despite Plaintiff's numerous requests, Verizon continued to harass her with calls to her cellular phone at a rate of two calls on a daily basis. Verizon's persistent calls to Plaintiff despite the knowledge she was not the individual they were looking for caused Plaintiff significant frustration and inconvenience.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Without prior express consent, Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message to her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Verizon continued to place automated calls to Plaintiff's cellular telephone after being advised by Plaintiff that they were placing calls to the wrong telephone number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Verizon was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

20. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
2. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 26, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Tonya Williams
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237
Email: slemberg@lemberglaw.com

4